PASSAIC NATIONAL BANK AND TRUST COMPANY, complainant,

*v.*

EAST RIDGELAWN CEMETERY, defendant-appellant.

WALTER D. VAN RIPER, Attorney-General, VIVIAN D. BELL et al., lot owners, and MABLE L. SMITH et al., holders of certificates of indebtedness, intervenors, petitioners-appellants.

*v.*

WALTER G. WINNE and TOBY FURST, substituted trustees, &c., defendants-respondents.

[Submitted October 25th, 1946. Decided March 20th, 1947.]

*Messrs. Carey & Lane* (*Mr. Robert Carey* and *Mr. Herman W. Klausner,* of counsel), for the appellant East Ridgelawn Cemetery.

*Mr. Walter D. Van Riper, in proprio persona (Mr. Sackett M. Dickinson,* of counsel), for the appellant Walter D. Van Riper, Attorney-General.

*Mr. Isadore Glauberman,* for the respondent trustees.

PER CURIAM.

The decree now challenged was entered on the *remittitur* of this court directing the reversal of certain interlocutory orders and a decree of the Chancellor striking out the answer and cross-petition of the appellant cemetery association, denying leave to intervene to certain lot owners and certificate holders, and directing the sequestration of the proceeds of the sale of the cemetery's lands and the application of the same to the payment of the sum due under a final decree made in the cause on July 18th, 1933, and appointing sequestrators for the purpose. *Vide 137 N. J. Eq. 603.* The *remittitur* decreed the reversal of the "orders and decrees of the Chancellor under review," and directed the remission of the record and proceedings to Chancery, "to be there proceeded on according to law, in conformity with the opinion of this court and the practice of said court."

The decree now under review, in terms, makes the decree of this court the decree in Chancery, vacates the orders striking the answer of the Attorney-General and denying leave to intervene to the lot owners and the certificate holders, and grants such leave, and vacates also the order appointing the sequestrators, with direction that they render an accounting, and retains jurisdiction to pass upon the sequestrators' account and to fix their compensation and that of their accountants.

Appellants assert the non-conformance of this decree with the mandate of the *remittitur,* in that (1) it does not declare void the provision for a dividend fund in the deed of trust; (2) it does not vacate the order striking out the answer and cross-petition interposed by the cemetery association; (3) it fails to provide for the repayment to the cemetery association of the moneys in the hands of the sequestrators; and (4) it "directs" Chancery to fix the compensation of the sequestra-

tors and their accountants, without providing that such compensation, if any be allowable, be charged against the substituted trustees. The trustees urge that the question of the validity of the cited provision of the declaration of trust "was not the issue before this court, nor was it originally before" Chancery, and therefore the failure to decree it void did not constitute non-conformance with this court's mandate. Such is not the case.

This court's decree of reversal was predicated upon the utter invalidity of this provision of the trust deed; and the decree in Chancery must perforce proceed upon the like hypothesis. The decree there should specifically so provide. This would lead to a dismissal in the usual course of the petition for the appointment of sequestrators to execute the earlier decree framed to enforce the trust provision now found to be void (a decree which does not conclude the Attorney-General), the initial proceeding which eventuated in the reversed orders and decree. Whether this be done now, after the reinstatement of the Attorney-General's answer challenging the original decree in this respect, or after the sequestrators' account has been rendered and adjudicated, and the question of compensation and expenses determined, is of no moment so far as the basic issue is concerned. And the return of the sequestered funds may well await the presentation of the sequestrators' account. And, likewise, the determination of the sequestrators' right to compensation, and the allowances for accountants' services and other disbursements, may await that event. In the present state of the record, we cannot pass upon these latter questions.

The decree under review is accordingly modified, and, as so modified, affirmed.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS. DILL, FREUND, McGEEHAN, McLEAN, JJ. 14.